No. 23,596.

The Great Bend Water & Electric Company, *Appellant,* v. The City of Great Bend, *Appellee.*

#### SYLLABUS BY THE COURT.

1. Contract—*To Supply City Water—Provision for "Suspension of Liability" Under Certain Conditions—Contract Interpreted.* A contract between a city and a water company considered, and *held,* a provision for suspension of liability for hydrant rental, under certain conditions, meant no rental should be recoverable, and not merely that time of payment should be postponed.

2. Same—*Test of Efficiency of Water Supply—Waiver of Conditions.* The facts considered, and *held,* a provision of the contract beneficial to the water company, relating to conditions under which demanded tests of efficiency of the water system should be made, was voluntarily waived.

Appeal from Barton district court; Daniel A. Banta, judge. Opinion filed May 6, 1922. Affirmed.

*William Osmond, Elrick C. Cole,* and *T. B. Kelley,* all of Great Bend, for the appellant.
*Clyde Allphin,* of Great Bend, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover hydrant rental for the period, November, 1917, to September, 1918. The court denied the relief prayed for, and the plaintiff appeals.

The action was based on a contract between the plaintiff and

the defendant, whereby the plaintiff was authorized to maintain a system of waterworks in the city, and the defendant agreed to pay hydrant rental. The contract contained a guaranty that the system would be capable of meeting specified efficiency requirements. The city was authorized to demand tests of ability to fulfill the requirements, and the contract contained the following provision:

"If for any reason the said grantee shall be unable to comply with the said requirements for a test, the liability of said city to pay the hydrant rental provided in this ordinance shall be suspended until said grantee shall be able to comply with said requirements."

At a test made pursuant to demand, the system failed to meet the requirements, and the defendant discontinued payment of hydrant rental. The plaintiff contends the provision for suspension of liability merely postponed time of payment. The court is of opinion the intention was no rental should be recoverable for any period during which service was demonstrated by test to be inefficient. This interpretation gives the word "suspended" an approved meaning (Webster's New International Dictionary, 1920, title "suspend," 7), and gives to the whole provision the only practical effect which could have prompted inserting it in the contract.

It is contended the test was not binding, because, contrary to a provision of the contract, water was taken from the system for public and private consumption while the test was in progress. The defendant knew what the consumption of water during the test would likely be; knew what the effect on the test would be; knew notice had not been given to refrain from using water during the test; and with this knowledge voluntarily proceeded with the test as a demonstration of efficiency according to contract. Under these circumstances the plaintiff was bound by result of the test.

The judgment of the district court is affirmed.